IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY HIETMAN, | ) | |
| ID # 27948-077, | ) | |
| Movant, | ) | No. 3:17-CV-1962-G (BH) |
| vs. | ) | No. 3:95-CR-0160-G (04) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

### I.  BACKGROUND

Randy Hietman ("Movant"), an inmate in the federal prison system, filed a motion under 28 U.S.C. § 2255 that was received on July 24, 2017. (*See* doc. 1.) He challenges his 1996 drug conviction and 360-month sentence with a 5-year term of supervised release. (*Id.*; *see also* doc. 472.)[1] Movant unsuccessfully appealed his conviction. *See United States v. Hietman*, 124 F.3d 191 (5th Cir. 1997) (per curiam) (affirming Movant's criminal judgment). He did not file a petition for a writ of certiorari with the Supreme Court.

On March 11, 2003, Movant filed a *Motion Pursuant to Fed. R. Civ. P. 60(b); 18 U.S.C. § 3582; 28 U.S.C. § 1651 to amend and make additional findings in light of this Court's lack of jurisdiction at sentencing; and/or to supplement [Movant's] 28 U.S.C. § 2255 motion and/or*

---

[1]  Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:95-CR-160-G.

*reconsider this Court's order denying the § 2255 motion; and motion for reconsideration of sentence, and request for evidentiary hearing.* (*See* doc. 602.)[2] The filing was construed as a 28 U.S.C. § 2255 motion because it collaterally attacked the legality of his sentence, and it was denied on the merits. (*See* docs. 603, 607.)[3]

Movant now contends that his prior Texas convictions for drug offenses were used to determine his criminal history category, in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); and *United States v. Hinkle*, 832 F.3d 567 (5th Cir. 2016).

### III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Although the filing references a prior § 2255 motion, Movant acknowledged that he had not filed an earlier § 2255 motion. (*See* doc. 605.)

[3] After Movant's first motion was denied, the Supreme Court announced *Castro v. United States*, 540 U.S. 375, 383 (2003). *Castro* held that a court should not re-characterize a *pro se* post-conviction motion as a first § 2255 motion absent notice and warning about the consequences of that re-characterization. The Fifth Circuit has applied *Castro* to cases that pre-date it. *See, e.g.*, *McDaniel v. United States*, 242 F. App'x 217, 218 (5th Cir. 2007) (vacating and remanding a district court's dismissal of a § 2255 motion as successive because the movant did not receive *Castro* warnings when her first motion was re-characterized in 1996). Accordingly, because Movant was not provided with the warnings subpsequently required by *Castro* before his first § 2255 motion was denied, it cannot be treated as a first § 2255 motion that renders his current motion successive under 28 U.S.C. § 2244.

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final on November 2, 1997, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  He does not allege that government action prevented him from filing a § 2255 motion earlier, so § 2255(f)(2) does not apply.  The facts supporting his claim arose when he was sentenced, thus § 2255(f)(4) does not apply.

Nor does § 2255(f)(3) apply.  Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Here, Movant cites *Mathis*, *Tanksley*, and *Hinkle*, but those cases do not trigger § 2255(f)(3).  *Mathis* did not announce a new rule.  *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law).  It therefore cannot form the basis for applying § 2255(f)(3).  *See, e.g.*, *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final.").

3

Both *Tanksley* and *Hinkle* were decisions from the Fifth Circuit Court of Appeals, not the United States Supreme Court. Neither can trigger § 2255(f)(3), which applies only to claims relying on a rule "newly recognized by the Supreme Court." Also, both *Tanksley* and *Hinkle* applied the principles reiterated in *Mathis* on direct appeal, not to § 2255 motions that were otherwise time-barred. *See Tanksley*, 848 F.3d at 352 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for possession with intent to deliver a controlled substance did not qualify as a controlled substance offense under the career offender provisions); *Hinkle*, 832 F.3d at 574-77 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provisions). Section 2255(f)(3) does not apply here. *E.g.*, *Washington v. United States*, 2017 WL 2930939, *3 (W.D. Tx. July 7, 2017) (rejecting an argument that *Hinkle* or *Tanksley* triggered § 2255(f)(3) because those cases "did not write new law, nor do they constitute retroactively applicable Supreme Court decisions").

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, November 2, 1997, the one-year statute of limitations began to run from that date. Movant filed his current § 2255 motion on July 19, 2017, at the earliest.[4] It is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v.*

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

*United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  See *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights."  *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, the movant bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

      Here, Movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier.  Because he has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

## II.  RECOMMENDATION

      The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice..

**SIGNED this 27th day of July, 2017.**

_[signature]_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_[signature]_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE